In the Matter of the Estate of WILLIAM TRIMBEY, Deceased.

Surrogate's Court, Oneida County, December 29, 1930.

*Pratt & Fowler* [*Louis G. Fowler* of counsel], for the executors.

*Walter Rabenstein,* for Gertrude T. Bitson, contestant.

EVANS, S. The executors have filed an intermediate account covering their acts since December 18, 1922, the date of a decree of judicial settlement.

Objections to the account were filed by Gertrude Trimbey Bitson, a daughter and only child of the testator. Mrs. Bitson is a life tenant and legatee under the will.

The objections embrace substantially the entire account including both receipts and expenditures.

The last will and testament of this testator was admitted to probate by this court on December 5, 1921. After providing for his widow and daughter, there are legacies to numerous relatives and friends. The executors are Valentine F. Scholl, a nephew, and John Singleton Jamieson, a relative by marriage. Mr. Scholl is a residuary legatee of two-thirds of the estate and Mr. Jamieson of one-third.

The will is quite lengthy and reference will be made only to the provisions that seem to have a bearing on the matters under consideration. The executors were directed to set up a trust fund for the daughter amounting to $30,000 and to pay quarterly the income therefrom to the Oneida County Trust Company, as trustee of the daughter.

In the event of insufficient funds to pay legacies and also to establish the trust, then the payment of legacies was directed to be postponed until after the death of the daughter.

The clause of the will having the most direct bearing in this proceeding authorizes the executors to keep the store and buildings occupied by the William Trimbey Company on Hotel street, Utica, N. Y., insured and rented and the proceeds thereof after caring for the upkeep and carrying charges shall be paid to the daughter quarterly.

According to the decree of judicial settlement the available funds for the purposes of the trust for the daughter amounted to $22,500, there being a deficiency of $7,300.

These features are mentioned to call attention to the natural and manifest intent and desire of the testator to provide for the care and comfort of his daughter.

The testator was a wholesale grocer with his place of business in the buildings on Hotel street where the corporation bearing his name continues. Mr. Jamieson, one of the executors, is the treasurer. We have here a situation where there is a blending of official duty on the part of the executors coupled with conflicting personal interests as owners of the buildings and also as stock-

holders of the corporation leasing the same. This calls for a high degree of official integrity on the part of the executors and it is fair to state that there is nothing in the account in my opinion to indicate a lack of good faith.

Expenditures for the upkeep of buildings frequently cause debatable questions as to what should or should not be charged against the income to the life tenant. Under the circumstances existing here I think that border line question, so called, must be construed in favor of the life tenant.

The rent collected and accounted for is at the rate of $1,800 each year. Real estate experts differed in their estimates but all agreed that at present there is a serious slump in rental values and that there are unoccupied buildings.

The evidence as a whole indicates that, taking the years of good and poor business, a fair level is maintained and the item of rent should stand. The payment of city and county taxes are items that are properly paid from income, but penalties, if any, are disallowed. Objection to the payment of insurance premiums is without merit. Ordinary business prudence requires that the buildings be insured, besides there is an express direction in the will (paragraph 22) to that effect.

The items of paving tax are disallowed, as they are for permanent improvements and not chargeable against income. These items amount to $178.11.

The item of thirty-eight dollars paid for a steel door is disallowed as that is a permanent improvement and not chargeable to income.

The item of $714.96 for electrical wiring I regard as a permanent improvement within the meaning of that term. There is evidence that wiring lasts forty years.

One test that is applied in determining what is a permanent improvement is whether it is of such a nature as to outlast the life estate. This would seem to be the case here. Another feature to be considered is that improvements of a substantial nature to buildings justify an increased rent.

There has been no increase in the rent in this instance and I think that this item should be disallowed.

Commissions deducted are slightly under the legal rate and are allowed.

Decreed accordingly.